IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00120-CR

 

Charles Gordon LeBlanc, Jr.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 260th District Court

Orange County, Texas

Trial Court # D-030039-R

 



MEMORANDUM 
Opinion



 








        This appeal concerns a conviction for
murder.  Appellant presents three
issues.  We will affirm.

1.    Sufficiency of the Evidence.  Appellant contends that the evidence that he
strangled the victim with a ligature was legally and factually
insufficient.  Appellant argues that “no
one could testify to the manner and means by which” the victim “was
strangled.”  

      Appellant
left a bar with the victim and took her to a friend’s trailer home.  The friend testified that during an argument,
Appellant put an extension cord around the victim’s neck and took her outside;
when Appellant came back inside, he said that the victim was dead and that he
believed he had killed her.  Appellant
also made other recorded admissions later to the effect that he became afraid
of getting in trouble again, “lost it,” and “grabbed that fucking cord.”  The medical examiner testified that the
victim died of strangulation, and that the strangulation could have been by a
ligature.

1.    a. Legal Sufficiency.  

      A “legal sufficiency of the evidence review does not involve any
weighing of favorable and non-favorable evidence.”  Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000) (citing Cardenas v. State, 30 S.W.3d 384,
389 (Tex. Crim. App. 2000)).  Instead, a
legal-sufficiency review calls upon the reviewing court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Id.  See
also Jackson v. Virginia, 443 U.S. 307 (1979) (emphasis in original); Mason v. State, 905 S.W.2d 570, 574
(Tex. Crim. App. 1995).

      Viewing
the evidence in the light most favorable to the verdict, a reasonable jury
could have found beyond a reasonable doubt that Appellant strangled the victim
with a ligature.  The evidence is legally
sufficient.

1.    b. Factual
Sufficiency.  

In reviewing a challenge to the
factual sufficiency of the evidence, we begin with the assumption that the
evidence is legally sufficient.  See
Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997).  We must
view all the evidence without the prism of the Ain the light most favorable to the prosecution@
construct.  See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the
evidence may be insufficient.  First,
when considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand.  This standard
acknowledges that evidence of guilt can “preponderate” in favor of conviction
but still be insufficient to prove the elements of the crime beyond a
reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be factually
insufficient under a beyond-a-reasonable-doubt standard.

Zuniga
v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (footnote omitted).

We must also remain cognizant of the
factfinder=s
role and unique positionCone that the reviewing court is unable to
occupy.  Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  The jury determines the credibility of the
witnesses and may Abelieve all, some, or none of the testimony.@  Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  It is the jury that accepts or rejects
reasonably equal competing theories of a case. 
Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001).  A decision is not factually insufficient as to
the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State.  Cain
v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997).

      Appellant
does not point to any evidence contrary to the verdict.  Viewing the evidence in a neutral light, and
giving deference to the jury’s credibility determinations, the evidence was not
too weak to support the finding that Appellant strangled the victim with a
ligature beyond a reasonable doubt, and the jury was rationally justified in so
finding beyond a reasonable doubt.  The
evidence is factually sufficient.

      Having
found the evidence legally and factually sufficient, we overrule Appellant’s
issue.

2.    Accomplice Witness Testimony.  Appellant contends that the testimony of his
friend constituted uncorroborated accomplice witness testimony.  We assume without deciding that Appellant
preserved his complaint.  See Tex.
R. App. P. 33.1(a).  The first
step in the analysis of accomplice witness testimony is determining whether the
witness was an accomplice.  See Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 1979);
Rodriguez v. State, 104 S.W.3d 87, 91-92 (Tex. Crim. App. 2003).  Appellant argues only the witness’s testimony
was uncorroborated; he does not argue that the witness was an accomplice.  The evidence shows, at most, that the witness
assisted Appellant in concealing evidence after the murder.  See
Paredes v. State, 129 S.W.3d 530, 536-38 (Tex. Crim. App. 2004).  We overrule Appellant’s issue.

3.    Effective Assistance of Counsel.  Appellant contends that his trial counsel did
not render effective assistance of counsel. 
Appellant argues that counsel should have moved for continuance, moved
for the appointment of an expert, and called witnesses.  As Appellant notes, the record does not show
when counsel began working on the case; and the record does not show the
reasons for counsel’s decisions.  See Massaro v. United States, 538 U.S.
500, 504-505 (2003); Freeman v. State, 125
S.W.3d 505, 506-507 (Tex. Crim. App. 2003); Murphy
v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 1660 (2004).  Nor does Appellant show how an expert would
have assisted him, or what witnesses counsel should have called.  See
McFarland v. State, 928 S.W.2d 482, 500-501 (Tex. Crim. App. 1996); cf. Wiggins
v. Smith, 539 U.S. 510, ___, 123 S. Ct. 2527, 2533 (2003).  We overrule Appellant’s issue.




      Having
overruled Appellant’s issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice
Vance concurs in the judgment with a note: The indictment charged and the jury
found the offense occurred “by strangling the [victim] with a ligature.”  Pointing to a lack of direct evidence and the
medical examiner’s testimony that he could not say how the strangulation
occurred, LeBlanc says the evidence fails the beyond-a-reasonable-doubt
standard under Zuniga v. State, No.
539-02, 2004 WL 840786 at *7 (Tex. Crim. App. April 21, 2004).  The majority recites some evidence but does
not analyze the evidence appellant claims is most important.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)).

Opinion
delivered and filed August 18, 2004

Affirmed

Do
not publish

[CRPM]